## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAMELA GELLER,<br><br>         Plaintiff,<br><br>    -v.-<br><br>BILL DE BLASIO, individually and in his official capacity as Mayor, City of New York, New York; and DERMOT SHEA, individually and in his official capacity as the Police Commissioner, City of New York, New York,<br><br>         Defendants. | Case No.  20-3566<br><br>**COMPLAINT**<br><br>[42 U.S.C. § 1983] |

Plaintiff Pamela Geller ("Plaintiff", by and through undersigned counsel, brings this Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof alleges the following upon information and belief:

## INTRODUCTION

1.     This case seeks to protect and vindicate fundamental liberties that citizens of the United States enjoy free from government interference.  These liberties are not conferred or granted by government to then be rescinded at the will and whims of government officials.  These God-given liberties are possessed by the people, and they are guaranteed against government interference by the United States Constitution, which is the supreme law of the land.  First among these liberties is the right to peacefully protest government officials through the freedom of speech and the right to peaceably assemble guaranteed by the First Amendment.

2.     The right to freedom of speech is not a right to catharsis.  It is a right to meaningfully protest and assemble in public in order to change public policy.  The most effective way to exercise this right is to organize and participate in a large public protest.  Defendants, through the adoption and enforcement of executive edicts, have suspended this fundamental right in the City of New York.

3.      John Adams warned that "Liberty once lost is lost forever."  All tyranny needs to gain a foothold is for people of good conscience to remain silent.  Through this Complaint, Plaintiff Geller challenges Defendants' suspension of the First Amendment.  There is no justification, pandemic or otherwise, for a government official to revoke this fundamental right of the people.

4.      Accordingly, this case seeks to protect and vindicate fundamental constitutional rights.  It is a civil rights action brought under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, challenging Defendants' restriction on Plaintiff's right to engage in peaceful protests and protected speech in public forums in the City of New York (hereinafter "First Amendment Restriction").

5.      Plaintiff seeks a declaration that Defendants violated her clearly established constitutional rights as set forth in this Complaint; a declaration that Defendants' First Amendment Restriction violates the United States Constitution and 42 U.S.C. § 1983 as set forth in this Complaint; a preliminary and permanent injunction enjoining the enforcement of Defendants' First Amendment Restriction as set forth in this Complaint; and nominal damages for the past loss of Plaintiff's constitutional rights.  Plaintiff also seeks an award of reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law.

## JURISDICTION AND VENUE

6.      This action arises under the Constitution and laws of the United States.  Jurisdiction is conferred on this court pursuant to 28 U.S.C. §§ 1331 and 1343.

7.      Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, by *Ex parte Young*, 209 U.S. 123 (1908), and by the general legal and equitable powers of this Court.

8.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events

or omissions giving rise to Plaintiff's claims occurred in this district.

## PLAINTIFF

9.      Plaintiff Pamela Geller is an adult citizen of the United States and a resident of the City of New York (hereinafter "New York," "New York City," or "City").

10.     Plaintiff Geller is a champion of the First Amendment.  She is the president of the American Freedom Defense Initiative, a nonprofit organization that defends the right to freedom of speech.  She is a published author, a conservative blogger, and a political activist.

11.     Plaintiff Geller was the organizer of the successful public protest of the Ground Zero mosque construction in Lower Manhattan.  She has also successfully challenged government restrictions on free speech in New York, *Am. Freedom Def. Initiative v. Metro. Transp. Auth*., 880 F. Supp. 2d 456, 466 (S.D.N.Y. 2012), Washington, D.C., *Am. Freedom Def. Initiative v. Wash. Metro. Area Transit. Auth.*, 898 F. Supp. 2d 73 (D.D.C. 2012), Philadelphia, *Am. Freedom Def. Initiative v. Se. Pa. Transp. Auth.*, No. 2:14-cv-5335, 2015 U.S. Dist. LEXIS 29571, (E.D. Pa. Mar. 11, 2015), and Seattle, *Am. Freedom Def. Initiative v. King Cnty.*, 904 F.3d 1126 (9th Cir. 2018), among others.

12.     But for Defendants' suspension of First Amendment activity within the City as set forth in this Complaint, Plaintiff Geller would organize and participate in a public protest of Defendant de Blasio's draconian restrictions on liberty he has imposed during this current COVID-19 pandemic.

## DEFENDANTS

13.     Defendant Bill de Blasio is the Mayor of New York City.  As the City Mayor, Defendant de Blasio is responsible for adopting, creating, and enforcing the policies and practices of the City, including the challenged policy and practice of suspending the First Amendment (First

Amendment Restriction) within the City as set forth in this Complaint.

14.     At all relevant times herein, Defendant de Blasio was a government official acting under the color of State law.  Defendant de Blasio is sued individually and in his official capacity as the New York City Mayor.

15.     Defendant Dermot Shea is the New York City Police Commissioner.  As the City Police Commissioner, Defendant Shea is responsible for enforcing the policies and practices of the City, including the challenged policy and practice of suspending the First Amendment (First Amendment Restriction) within the City as set forth in this Complaint.

16.     At all relevant times herein, Defendant Shea was a government official acting under the color of State law.  Defendant Shea is sued individually and in his official capacity as the City Police Commissioner.

## STATEMENT OF FACTS

17.     Pursuant to his authority as Mayor, Defendant de Blasio is empowered to issue executive orders.  A violation of an executive order can result in a civil or criminal penalty.

18.     Pursuant to his authority as Police Commissioner, Defendant Shea is empowered and required to enforce Defendant de Blasio's executive orders via the City's police force.

19.     On or about May 4, 2020, Defendant de Blasio issued Emergency Executive Order No. 111, which took effect immediately and will remain in effect for five (5) days unless it is terminated or modified at an earlier date.

20.     Executive Order No. 111 is, in relevant part, a continuation of various provisions set forth in prior executive orders, including the provision that "any non-essential gatherings of individuals of any size for any reason shall be cancelled or postponed," or words to that effect. The purpose and effect of the executive orders is to "shut down" most of the City due to

Defendants' belief that these restrictions will help stop the spread of COVID-19.

21.     During a recent press conference, Defendants publicly and officially announced that the "shut down" required in the executive orders includes the suspension of the right to publicly protest in the City, thereby officially announcing the challenged First Amendment Restriction.

22.     Defendant de Blasio intends to issue new executive orders over the coming weeks and months that will continue the "shut down" and thus continue the challenged First Amendment Restriction.

23.     Despite suspending First Amendment activity within the City pursuant to the First Amendment Restriction, Defendant de Blasio has implemented an Open Streets initiative whereby certain City streets are open to pedestrians and cyclists.  However, these same City streets remain closed for First Amendment protest activity even if the protestors maintain proper social distancing.

24.     But for the First Amendment Restriction, Plaintiff would organize and participate in a public protest of Defendant de Blasio's policies, including the draconian restrictions he has imposed upon fundamental liberties during the COVID-19 pandemic.

25.     But for the First Amendment Restriction, Plaintiff would organize and participate in a public protest, maintaining proper social distancing, on the City streets that have been opened pursuant to Defendant de Blasio's Open Streets initiative.

26.     Public protests are an effective way to change public policy, particularly during this current COVID-19 pandemic.  For example, shortly following a large public protest outside of the State Capitol in Lansing, Michigan, the Michigan Governor eased many of the restrictions that fueled the protest, realizing that her political power and future were in jeopardy as a result of her

exceedingly unpopular decisions.  Other similar protests have sprung up in major cities across the country.  Through the First Amendment Restriction, Defendant de Blasio seeks to silence such opposition to his policies so that he can retain his political power over the City and its residents. Consequently, the First Amendment Restriction operates to suppress those viewpoints that oppose efforts by government officials, which specifically includes Defendant de Blasio's efforts, to control people's lives and restrict their liberty during the COVID-19 pandemic—a viewpoint shared by Plaintiff Geller.

27.     A large public protest is the most effective way for Plaintiff and others who oppose Defendant DeBlasio's policies to express and show their opposition.  Such protests also generate a great deal of media attention, particularly in New York City.  There are no reasonable or effective alternatives for Plaintiff and others to express their opposition to Defendant de Blasio and his policies.

28.     The United States Constitution places the burden on Defendant de Blasio to set forth specific facts demonstrating that his suspension of the First Amendment in the City (First Amendment Restriction) is necessary to serve a compelling State interest and that the restriction is narrowly drawn to achieve that interest.  Defendant de Blasio cannot meet this burden here.

29.     Pursuant to clearly established First Amendment jurisprudence, the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury sufficient to warrant injunctive relief.

30.     In the final analysis, the First Amendment Restriction, as set forth in this Complaint, has no real or substantial relation to its claimed objective, and it is beyond all question, a plain, palpable invasion of rights secured by fundamental law.  Consequently, it is the duty of this Court to so adjudge, and thereby give effect to the United State Constitution by declaring the

First Amendment Restriction unlawful and enjoining its enforcement.

## CLAIM FOR RELIEF

### (Freedom of Speech and Assembly—First Amendment)

31.     Plaintiff hereby incorporates by reference all stated paragraphs.

32.     By reason of the aforementioned First Amendment Restriction, created, adopted, and enforced under color of State law, Defendants have deprived Plaintiff of her right to engage in protected speech and to peaceably assemble in public forums in violation of the First Amendment as applied to the States and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

33.     Defendants' First Amendment Restriction operates as a prior restraint on Plaintiff's speech.  Therefore, it comes to this Court bearing a heavy presumption against its constitutional validity.

34.     Defendants' First Amendment Restriction, facially and as applied to Plaintiff's speech, is unreasonable and an effort to suppress expression merely because public officials oppose the speaker's views.

35.     Defendants' First Amendment Restriction, facially and as applied to Plaintiff's speech, offends the First Amendment by granting a public official unbridled discretion such that the official's decision to limit speech is not constrained by objective criteria, but may rest on ambiguous and subjective reasons.

36.     As a direct and proximate result of Defendants' violation of the First Amendment, Plaintiff has suffered irreparable harm, including the loss of her constitutional rights, entitling her to declaratory and injunctive relief and nominal damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court:

A)      to declare that Defendants violated the First and Fourteenth Amendments to the United States Constitution as set forth in this Complaint;

B)      to declare that the First Amendment Restriction violates the First and Fourteenth Amendments to the United States Constitution as set forth in this Complaint;

C)      to preliminarily and permanently enjoin Defendants' First Amendment Restriction as set forth in this Complaint;

D)      to award Plaintiff nominal damages for the past loss of her constitutional rights as set forth in this Complaint;

E)      to award Plaintiff her reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

F)      to grant such other and further relief as this Court should find just and proper.

Respectfully submitted,

**AMERICAN FREEDOM LAW CENTER**

*/s/ David Yerushalmi*
David Yerushalmi, Esq. (NY Bar No. 4632568; DC Bar No. 978179; Cal. Bar No. 132011; Ariz. Bar No. 0096)
383 Kingston Avenue
Suite 103
Brooklyn, New York 11213
Tel: (646) 262-0500; Fax: (801) 760-3901

Robert J. Muise, Esq.* (MI P62849)
P.O. Box 131098
Ann Arbor, Michigan 48113
Tel: (734) 635-3756; Fax: (801) 760-3901

*Subject to admission *pro hac vice*