```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
PAMELA GELLER,                           :
                                         :
                      Plaintiff,         :     20cv3566 (DLC)
           -v-                           :
                                         :     MEMORANDUM OPINION
BILL DE BLASIO, individually and in      :         AND ORDER
his official capacity as Mayor, City     :
of New York, New York, and               :
DERMOT SHEA, individually and in his     :
official capacity as Police              :
Commissioner, City of New York, New      :
York,                                    :
                                         :
                      Defendants.        :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On May 14, 2020, Towaki Komatsu filed a _pro se_ motion to intervene in this case pursuant to Rule 24(b)(1)(B), Fed. R. Civ. P., which permits, at a court's discretion, intervention where the intervenor "has a claim or defense that shares with the main action a common question of law or fact." A court has "broad discretion" to permit or deny a motion to intervene brought pursuant to Rule 24(b)(1). _Catanzano by Catanzano v. Wing_, 103 F.3d 223, 234 (2d Cir. 1996). To be granted intervention by permission,

> an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.

Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir. 2014) (citation omitted).  "[F]ailure to satisfy any one of these four requirements is a sufficient ground to deny the application." Id. (citation omitted).

Komatsu's May 14 motion to intervene is denied.[1]  Komatsu's dispute with the defendants concerns incidents in which Komatsu alleges that the staff of New York City Mayor Bill de Blasio (the "Mayor") prevented Komatsu from protesting the Mayor at meetings and public hearings that took place years before the outbreak of the COVID-19 pandemic, which prompted the executive orders and policies challenged by the plaintiff in this action. Simply put, Komatsu's allegations do not arise from the Mayor's Executive Order of March 25, 2020 and its restriction on non-essential gatherings.  As such, Komatsu's intervention will not contribute to the development of the underlying suit or to the just and equitable adjudication of the plaintiff's claim for relief.  Moreover, Komatsu has not shown that the issues raised in the plaintiff's complaint will not be adequately protected by the plaintiff who brought this action.  Indeed, Komatsu's motion to intervene does not address this factor at all.

---

[1] In the alternative, Komatsu has requested to appear as an amicus curiae.  This request is also denied.

Komatsu's May 14, 2020 motion to intervene is therefore denied.

Dated:   New York, New York
         May 15, 2020

```
                          _____
                                DENISE COTE
                          United States District Judge
```